IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROY STEWART MOORE and KAYLA MOORE,<br><br>     Plaintiffs,<br><br>v.<br><br>SACHA NOAM BARON COHEN, SHOWTIME NETWORKS, INC., AND CBS CORPORATION,<br><br>     Defendant. | Civil Action No. 1:18-cv-02082 |

**DECLARATION OF TODD SCHULMAN IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER CASE PURSUANT TO 28 U.S.C. § 1404(a)**

  1.  I served as an Executive Producer and director for the television series *Who Is America?* Prior to that, from 2009-2017, I was employed by Four by Two Films, Inc. ("Four By Two") as Executive Vice President of Development and Production. I make this Declaration based on my personal knowledge and am competent to testify to the same.

  2.  Four By Two is a production company owned by Sacha Baron Cohen, a British-American comedian, actor, screenwriter and producer. He has created a number of reality-style television programs, including *Da Ali G Show*, and films, including *Borat: Cultural Learnings of America for Make Benefit Glorious Nation of Kazakhstan* and *Brüno*. I was directly involved in the production of each of these projects in various capacities, including as a co-producer of *Brüno*.

  3.  In 2016, Mr. Cohen and I began developing a new reality-style television series using fictional characters from across the political spectrum—all portrayed by Mr. Cohen—to conduct interviews with real people, both famous and unknown, to expose the disparate political

views in the United States. That program would eventually be titled "Who Is America?" (the "Program").

4. Mr. Cohen produced the Program in conjunction with certain production companies, of which he is the ultimate sole owner. Those companies included La Quinta Entertainment, LLC ("La Quinta") and Please You Can Touch LLC (collectively, the "Production Companies"). The Production Companies own the rights to the Program.

5. In February 2017, the Production Companies entered into an agreement with Showtime Networks Inc. ("SNI") under which the Production Companies licensed the Program for distribution by SNI, including exhibition on the SHOWTIME cable network.

6. The first season of the Program comprised seven episodes, the first of which premiered on SHOWTIME on July 15, 2018.

7. In producing the Program, the Production Companies also worked with certain affiliated production companies, of which Mr. Cohen was also the ultimate sole owner. One such affiliated company was Yerushalayim Television, LLC ("YTV"), which is ultimately a wholly owned subsidiary of La Quinta.

8. In my capacity as Executive Producer of the Program, I executed certain agreements on behalf of YTV, including a Registered Agent Services Agreement with Hirst Applegate Registered Agent Services, Inc.

9. YTV was the production company for a segment featuring an interview between a character named "Erran Morad" (played by Mr. Cohen) and Judge Roy S. Moore, which was filmed on February 14, 2018. I was present for and served as Executive Producer for the production and filming of this segment.

10. Just before filming, Judge Moore signed a Standard Consent Agreement (the "Consent Agreement") with YTV as a condition for his participation in the segment. A true and correct copy of the Consent Agreement signed by Judge Moore and dated February 14, 2018, is attached hereto as Exhibit A.

11. As the Consent Agreement states, Judge Moore entered into the Consent Agreement "[i]n exchange for the Producer making a $200 donation to a charity chosen by the Participant and allowing an opportunity for the Participant to appear in a television series." Beneath this typed paragraph "Foundation for Moral Law" is written in pen.

12. When Judge Moore signed the Consent Agreement, I understand that his wife, Kayla Moore, was present in the room and was made aware that Judge Moore was signing the Consent Agreement.

13. On February 20, 2018, a Production Company employee made a donation of $200 using Production Company funds to the Foundation for Moral Law, Inc. on behalf of YTV.

14. The Program episode containing the segment featuring Judge Moore aired on July 29, 2018.

I declare under the penalty of perjury pursuant to 28 U.S.C. 1746 that the foregoing is true and correct to the best of my knowledge and belief.

EXECUTED this  23  day of October 2018

_____
Todd Schulman

3

# Exhibit A

STANDARD CONSENT AGREEMENT

This is an agreement between Yerushalayim TV(including its assigns, licensees, parents, subsidiaries, and affiliates) (collectively, the "Producer") and the undersigned participant (the "Participant"). In exchange for the Producer making a $ 200 donation to a charity chosen by the Participant and allowing an opportunity for the Participant to appear in a television series, the Participant agrees as follows:   Foundation For Moral Law

    1. The Participant agrees to be filmed and/or audiotaped by the Producer for a reality-style television series (the "Program"). It is understood that the Producer hopes to reach a young adult audience by using entertaining content and formats.

    2. The Participant agrees that any rights that the Participant may have in the Program or the Participant's contribution are hereby assigned to the Producer, and that the Producer shall be exclusively entitled to use, or to assign or license to others the right to use, the Program and any recorded material that includes the Participant, without restriction in any media throughout the universe in perpetuity and without liability on the part of the Producer, and the Participant hereby grants any consents required for that. The Participant also agrees to allow the Producer, and any of its assignees or licensees, to use the Participant's contribution, photograph, film footage, and biographical material in connection not only with the Program, but also in any advertising, marketing or publicity for the Program and in connection with any ancillary products associated with the Program.

    3. The Participant understands that the Producer and its assignees or licensees are relying upon this consent agreement in spending time, money and effort on the Program and the Participant's participation in it, and that the consent agreement, for this and other reasons, cannot be revoked.

    4. The Participant specifically, but without limitation, waives, and agrees not to bring at any time in the future, any claims against the Producer, or against any of its assignees or licensees or anyone associated with the Program, which are related to the Program or its production, or this agreement, including, but not limited to, claims involving assertions of (a) failure to adequately compensate Participant, (b) failure to use the footage of Participant in the Program, (c) infringement of rights of publicity or misappropriation (such as any allegedly improper or unauthorized use of the Participant's name or likeness or image), (d) damages caused by "acts of God" (such as, but not limited to, injuries from natural disasters), (e) damages caused by acts of terrorism or war, (f) intrusion or invasion of privacy (~~such as any allegedly sexual-oriented or offensive behavior or questioning~~), (g) false light (such as any allegedly false or misleading portrayal of the Participant), (h) infliction of emotional distress (whether allegedly intentional or negligent), (i) trespass (to property or person), (j) breach of any alleged contract (whether the alleged contract is verbal or in writing), (k) allegedly deceptive business or trade practices, (l) copyright or trademark infringement, (m) defamation (such as any allegedly false statements made in the Program), (n) violations of Section 43(a) of the Lanham Act (such as allegedly false or misleading statements or suggestions about the Participant in relation to the Program or the Program in relation to the Participant), (o) prima facie tort (such as alleged intentional harm to the Participant), (p) fraud (such as any alleged deception about the Program or this consent agreement), (q) breach of alleged moral rights, or (r) tortious or wrongful interference with any contracts or business of the Participant.

    5. This is the entire agreement between the Participant and the Producer or anyone else in relation to the Program, and the Participant acknowledges that in entering into it, the Participant is not relying upon any promises or statements made by anyone about the nature of the Program or the identity, behavior, or qualifications of any other Participants, cast members, or other persons involved in the Program. Participant is signing this agreement with no expectations or understandings concerning the conduct, offensive or otherwise, of anyone involved in this Program.

    6. Although the Participant agrees not to bring any claim in connection with the Program or its production, if any claim nevertheless is made, the Participant agrees that any such claim must be brought before, and adjudicated by, only a competent court located in the State and County of New York, and governed by the substantive laws of the State of New York. This paragraph is intended by the parties to stand on its own, and it is intended to be valid and enforceable, even if a court finds that other paragraphs are not valid or enforceable.

AGREED AND ACCEPTED:
SIGNED:

_Roy S. Moore_

PRINT: _Roy Moore_

Dated: _2/14/18_

Yerushalayim TV

By: _____

Print: _____