IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROY STEWART MOORE and | ) | |
| KAYLA MOORE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-02082 |
| | ) | |
| SACHA NOAM BARON COHEN, | ) | |
| SHOWTIME NETWORKS, INC., and | ) | |
| CBS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR EXTENSION OF TIME
FOR DEFENDANTS TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

Defendants Sacha Noam Baron Cohen ("Mr. Cohen"), Showtime Networks Inc.
("Showtime"), and CBS Corporation ("CBS") (collectively "Defendants"), by their undersigned
counsel, respectfully move this Court for an extension of time for all Defendants to answer or
otherwise respond to the Complaint filed by Plaintiffs Roy Stewart Moore and Kayla Moore
(collectively, "Plaintiffs") to fourteen (14) days after the Court's resolution of Defendants'
pending motion to transfer this case to the U.S. District Court for the Southern District of New
York pursuant to 28 U.S.C. § 1404(a), filed October 23, 2018 (ECF No. 6) (the "Transfer
Motion").

Defendants' counsel has conferred with Plaintiffs' counsel pursuant to Local Rule 7(m),
and Plaintiffs' counsel has stated Plaintiffs "strongly oppose" the request.

On October 1, 2018, the Court granted Defendants' Consent Motion to extend the time
for Defendants to answer to November 8, 2018.  On October 23, 2018, Defendants filed the
Transfer Motion.  If the Transfer Motion is granted, any further motions, including any motion to
dismiss the Complaint pursuant to Fed. R. Civ. P. 12, will be decided by the district court in New

York.  Accordingly, as explained further in the accompanying Memorandum of Points and Authorities, Defendants respectfully request that their time to respond to the Complaint be extended to fourteen (14) days after the Transfer Motion is resolved.

WHEREFORE, Defendants respectfully request that the Court grant their motion, and that the deadline for Defendants to answer or otherwise respond to the Complaint be extended to fourteen (14) days after the Transfer Motion is resolved.

DATED:  October 29, 2018

Respectfully submitted,

_____/s/ Eric Feder_____
Eric J. Feder (D.C. Bar No. 996955)

DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C.  20006-2401
(202) 973-4200
(202) 973-4499 (fax)
ericfeder@dwt.com

Elizabeth A. McNamara (*pro hac vice* pending)
Rachel F. Strom (*pro hac vice* pending)

DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York  10020
(212) 489-8230
(212) 489-8340
lizmcnamara@dwt.com
rachelstrom@dwt.com

Of Counsel:

Russell Smith, Esq.
Jeff Holmes, Esq.
SMITH DEHN LLP
2500 Broadway
Building F, Suite F-125
Santa Monica, California  90404
(310) 396-9045
rsmith@smithdehn.com

jholmes@smithdehn.com

*Attorneys for Defendants Sacha Noam Baron
Cohen, Showtime Networks Inc., and CBS
Corporation*

**CERTIFICATE OF SERVICE**

This is to certify that I have this 29th day of October, 2018, electronically filed the foregoing Motion for Extension of Time to Answer or Otherwise Respond to the Complaint, Memorandum of Points and Authorities and Proposed Order using the CM/ECF system and served upon counsel of record by electronic filing.

/s/ Eric Feder
Eric Feder

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROY STEWART MOORE and | ) | |
| KAYLA MOORE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-02082 |
| | ) | |
| SACHA NOAM BARON COHEN, | ) | |
| SHOWTIME NETWORKS, INC., and | ) | |
| CBS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
EXTENSION OF TIME FOR DEFENDANTS TO
ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

Defendants Sacha Noam Baron Cohen ("Mr. Cohen"), Showtime Networks Inc. ("Showtime"), and CBS Corporation ("CBS") (collectively "Defendants"), by their undersigned counsel, respectfully move this Court for an extension of time for all Defendants to answer or otherwise respond to the Complaint filed by Plaintiffs Roy Stewart Moore ("Judge Moore") and Kayla Moore (collectively, "Plaintiffs") to fourteen (14) days after the Court's resolution of Defendants' pending motion to transfer this case to the U.S. District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)"), filed October 23, 2018 (ECF No. 6) (the "Transfer Motion").

The Court has broad discretion to grant requests for extensions of time to file an answer or otherwise respond to a complaint made before the time to do so expires. *See* Fed. R. Civ. P. 6(b)(1); *Jordan v. U.S. Dep't of Justice*, 315 F. Supp. 3d 584, 594 (D.D.C. 2018); *Partridge v. Am. Hosp. Mgmt. Co., LLC*, 289 F. Supp. 3d 1, 11 (D.D.C. 2017); *see also Chocallo v. I.R.S. Dep't of Treasury*, 145 F. App'x 746, 747 (3d Cir. 2005) ("A District Court has 'ample power, in

its discretion, to extend the time for serving a motion or answer.'") (quoting *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 872 (3d Cir. 1944)).  Here, the deadline for Defendants to respond to the Complaint is November 8, 2018, and good cause exists to extend that deadline to after the resolution of the pending Transfer Motion.[1]

As set forth in the Transfer Motion, this case should be transferred to the Southern District of New York in accordance with a binding forum selection clause contained in the Standard Consent Agreement (the "Consent Agreement") signed by Judge Moore.  *See generally* Memorandum of Points and Authorities in support of the Transfer Motion, ECF No. 6-1 ("Transfer Mem.").  The Supreme Court recently made clear in *Atlantic Marine Construction Co. v. U.S. District Court for Western District of Texas*, 571 U.S. 49 (2013), that "proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases."  *Id.* at 59-60 (quotation marks and citation omitted) (emphasis added).

As also noted in the Transfer Motion, Plaintiffs' Complaint fails as a matter of law for several reasons, including that Plaintiffs' claims are barred by the First Amendment and because the exact claims asserted here are expressly waived in the Consent Agreement Judge Moore signed.  *See* Transfer Mem. at 1-2.  Defendants thus anticipate filing a Rule 12(b)(6) motion to dismiss the Complaint for failure to state a claim.  Pursuant to the forum selection clause, that motion should be decided by a court in the forum that Judge Moore and the Defendants contractually agreed would hear the precise claims asserted here.  *See id.* at 10 (explaining that the Consent Agreement specifically defines the claims that must be brought in New York to

---

[1] Unlike a Rule 12 motion, a motion to transfer under Section 1404(a) does not stay the defendant's time to answer the complaint.  *See, e.g., Sam Yang (U.S.A.), Inc. v. ENI Dist, Inc.*, No. 16-cv-2958, 2016 WL 7188447, at *2 (D. Md. Dec. 12, 2016); *cf.* Fed. R. Civ. P. 12(a)(4) (providing that "serving a motion under *under this rule* alters the[] periods [in which to answer a complaint]") (emphasis added) .

include, *inter alia*, the three claims asserted here: defamation, infliction of emotional distress, and fraud). But unless Defendants' deadline to respond to the Complaint is extended until after the Transfer Motion is decided, Defendants would have to file that motion in this Court, only to have to re-brief a new motion seeking substantially the same relief after the case is transferred.

It would be inefficient to obligate parties to make substantive filings—whether a motion to dismiss or an Answer—in this District while a motion is pending that could transfer the entire case to a different court and render those filings moot. Accordingly, district courts routinely grant motions to extend defendants' time to respond to the complaint in precisely these circumstances. *See, e.g.*, *Franklin U.S. Rising Dividends Fund v. Am. Int'l Grp., Inc*., No. 13-cv-05805, 2014 WL 1555133, at *3 (D.N.J. Apr. 14, 2014); *Insulate SB, Inc. v. Abrasive Prod. & Equip.*, No. 13-cv-1609, 2013 WL 4538261, at *1 (M.D. Pa. Aug. 27, 2013). As the district court in *Franklin U.S. Rising Dividends Fund* explained in its Letter Order granting the motion to stay the defendant's time to respond to the complaint,

> requiring Defendant to file a responsive pleading to the Complaint while the Motion to Transfer is pending … would prove futile if the case is ultimately transferred. In the interest of efficiency, the Parties should not have to brief, and have the Court then consider, a motion to dismiss that may have to be re-briefed if the Motion to Transfer is later granted. Thus, the time for Defendant to respond to the Complaint is hereby adjourned until the Motion to Transfer is decided.

Letter Order, *Franklin U.S. Rising Dividends Fund v. Am. Int'l Grp., Inc*., No. 13-cv-05805, (D.N.J. Nov. 21, 2013), ECF No. 12, at 2. *See also Insulate SB*, 2013 WL 4538261, at *2 ("Denying an extension [to answer] would mean that extensive motions and briefing would need to be re-drafted and re-filed in the District of Minnesota, should the Court grant a change of venue.").

Granting this extension will not prejudice any of the parties. On the contrary, extending the time for Defendants to answer the Complaint until resolution of the Transfer Motion will

promote the "just, speedy, and inexpensive determination" of this case.  Fed. R. Civ. P. 1.  In the event the Court grants the Transfer Motion, the parties will not have unnecessarily expended resources briefing a motion that has become moot, and they will avoid duplicative work when they re-brief the same motion in New York.  And if the Court denies the Transfer Motion, Defendants will file their motion to dismiss in this Court in short order.

Accordingly, Defendants respectfully request that the Court grant their motion, and that the deadline for Defendants to answer or otherwise respond to the Complaint be extended to fourteen days after the Transfer Motion is resolved.

DATED:  October 29, 2018

Respectfully submitted,

_____/s/ Eric Feder_____
Eric J. Feder (D.C. Bar No. 996955)

DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C.  20006-2401
(202) 973-4200
(202) 973-4499 (fax)
ericfeder@dwt.com

Elizabeth A. McNamara (*pro hac vice* pending)
Rachel F. Strom (*pro hac vice* pending)

DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York  10020
(212) 489-8230
(212) 489-8340
lizmcnamara@dwt.com
rachelstrom@dwt.com

Of Counsel:

Russell Smith, Esq.
Jeff Holmes, Esq.
SMITH DEHN LLP
2500 Broadway

4

Building F, Suite F-125
Santa Monica, California  90404
(310) 396-9045
rsmith@smithdehn.com
jholmes@smithdehn.com

*Attorneys for Defendants Sacha Noam Baron*
*Cohen, Showtime Networks Inc., and CBS*
*Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROY STEWART MOORE and | ) | |
| KAYLA MOORE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-02082 |
| | ) | |
| SACHA NOAM BARON COHEN, | ) | |
| SHOWTIME NETWORKS, INC., and | ) | |
| CBS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED ORDER**

Upon consideration of the Motion for Extension of Time to Answer or Otherwise Respond to the Complaint filed herewith by Defendants Sacha Noam Baron Cohen, Showtime Networks Inc., and CBS Corporation ("Defendants"), it is

ORDERED that Defendants' motion is granted, and that the deadline for all Defendants to answer or otherwise respond to the Complaint is extended to fourteen (14) days after this Court resolves Defendants' pending Motion to Transfer Case (ECF No. 6).

Dated this ___ day of _____, 2018.

_____
Hon. Thomas F. Hogan
United States District Judge