# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROY STEWARY MOORE, et al<br><br>Plaintiffs,<br>v.<br><br>SASHA NOAM BARON COHEN, et al<br><br>Defendants. | Case No: 1:18-cv-02082 |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER

Plaintiffs Roy Moore ("Judge Moore") and Kayla Moore ("Ms. Moore") (collectively "Plaintiffs") submit the following in opposition to Defendants Sasha Noam Baron Cohen ("Defendant Cohen"), Showtime Networks, Inc. ("Defendant Showtime") and CBS Corporation's ("Defendant CBS") (collectively "Defendants") Motion to Transfer.

**Dated**:  December 12, 2018            Respectfully Submitted,


   /s/ *Larry Klayman*
Larry Klayman, Esq.
KLAYMAN LAW GROUP, P.A.
2020 Pennsylvania Ave. NW # 800
Washington, D.C. 20006
(310) 595-0800
Email: leklayman@gmail.com

**MEMORANDUM OF LAW**

In their motion to transfer, Defendants grossly understate the severe level of fraud perpetrated by Defendant Cohen, in conjunction with Defendants Showtime and CBS, to try to save their fatally defective "Consent Agreement." <u>Exhibit 1</u>. Indeed, there can simply be no consent, or legally binding agreement, when one party misrepresents not only their identity but also the purpose of the purported agreement, as Defendants have clearly and admittedly done here. As such, the venue clause in the purported "Consent Agreement" that Defendants wish to now enforce is clearly void and unenforceable along with the remainder of the "Consent Agreement." Holding otherwise contravenes not only well established contract common law, but also the notions of justice and fundamental fairness.

**I.     STATEMENT OF RELEVANT FACTS**

Judge Moore was fraudulently induced by Defendants to appear on Defendant Cohen's show "Who is America?". In order to fraudulently induce Plaintiffs to travel to Washington, D.C., where filming was to and did take place on or about February 14, 2018, Defendant Cohen and his agents falsely and fraudulently represented to Plaintiffs that Yerushalayim TV – which does not actually exist—was the producer and broadcaster of the show that Judge Moore would appear on, instead of the actual network that the show that later appeared on—Defendant Showtime. Comp. ¶ 15. In addition, Defendant Cohen and his agents falsely and fraudulently represented that Judge Moore and Mrs. Moore were both being invited to Washington, D.C., for Judge Moore to receive an award for his strong support of Israel in commemoration of its 70th anniversary as a nation state. Comp. ¶ 15. Plaintiffs had no knowledge that Defendant Cohen was in any way associated with the production that they were signing up for, nor that Defendants CBS and Showtime were involved. Plaintiffs also had no knowledge that the purpose of the

"Consent Agreement" was to feature them on "Who is America?" and not to receive an award for Judge Moore's strong support of Israel. Had Plaintiffs known of these facts, they would never have signed the "Consent Agreement" and travelled to Washington D.C. Comp. ¶¶ 16 - 17.

## II. THE LAW

First and foremost, it is indisputable that venue is proper in the District of Columbia. Defendants do not even attempt to argue otherwise, nor could they plausibly do so.

Under 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated." When determining whether a substantial part of the events or omissions giving rise to the claim occurred in a district, a court should not look just to those events that directly underlie the claim at issue, but "should review 'the entire sequence of events underlying the claim.'" *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (quoting *Bramlet*, 141 F.3d at 264); *see also Reynolds Foil Inc. v. Pai*, 2010 WL 1225620, at *7 (E.D. Va. Mar. 25, 2010).

Here, Plaintiffs were flown to Washington D.C. by Defendants for Judge Moore to purportedly receive an award for his strong support of Israel. It is in this judicial district that "Who is America?" was filmed, and in this judicial district that Judge Moore was falsely portrayed as a pedophile, which gives rise to Plaintiffs' claims. As such, a "substantial part of the events" giving rise to Plaintiffs' claims occurred in Washington D.C., and this is where venue properly lies. Clearly recognizing, if not admitting, this fact, Defendants seek to enforce void and unenforceable forum selection clause in order to have this matter transferred to what they perceive to be a more favorable forum in New York. However, as set forth below, Defendant's motion in this regard must be denied.

### A.     The "Consent Agreement" is Void for Fraud Under the Restatement

The Second Restatement of Contracts says "[i]f a party's manifestation of assent is induced by either a fraudulent or a material misrepresentation by the other party upon which the recipient is justified in relying, the contract is voidable by the recipient." Restat 2d of Contracts, § 164 (2nd 1981). The comments to the Restatement set forth four elements in this regard: (1) a misrepresentation that was (2) fraudulent or material that (3) induced the recipient to make the contract, and that the recipient was (4) justified in relying upon the misrepresentation.

Here, the facts squarely meet the elements set forth by the Restatement. There are at least two primary misrepresentations at issue[1]. The first misrepresentation was that Judge Moore was being flown to Washington D.C. to receive an award for his support of Israel, when in actuality it was so that he could be falsely portrayed as a pedophile on national television. The second misrepresentation was that the television segment was being produced by Yerushalayim TV, and not Defendant Cohen, Showtime, and CBS. These misrepresentations were clearly and admittedly fraudulent and material, and they induced Plaintiffs to sign the "Consent Agreement" as it was pled in the Complaint that Plaintiffs would never have agreed to sign the "Consent Agreement" or fly to Washington D.C. had they had knowledge of either of these facts. Comp. ¶¶ 16-17. Lastly, Plaintiffs were clearly justified in relying upon these misrepresentations, as

---

[1] This is notwithstanding one of the other frauds committed once Plaintiffs arrived in Washington D.C., with Defendant Cohen compounding the prior frauds by showing up in disguise as "Erran Morad", an Israeli Mossad agent, in an attempt to keep Judge Moore from seeing through Defendants' other frauds. This additional fraudulent subterfuge is neither legal nor funny, as Judge Moore was then defamed as a pedophile, which constitutes defamation *per se*. Defendant Cohen and the other Defendants then broadcasted, promoted, and effectively later celebrated the defamation on national and international television and on the internet, to reap large profits for their misdeeds, at the expense of a distinguished former Chief Justice of the Alabama Supreme Court.

they had no possible basis for knowing that they were false at the time the purported "Consent Agreement" was executed.

Crucially, the Restatement does not state that where these elements are met, only the specific provisions touched by the fraud are voidable. Indeed, pursuant to the express language of the Restatement, when these elements are met, as they are here, the "[entire] contract" is voidable by the recipient. Thus, given that the entire "Consent Agreement" is void, there is simply no choice of venue clause to enforce.

### B. The "Consent Agreement" is Void for Fraud Under Contract Law

> It is well established that misrepresentation of material facts may be the basis for the rescission of a contract, even where the misrepresentations are made innocently, without knowledge of their falsity and without fraudulent intent. The rationale supporting this rule, which has its origins in equity, is that, as between two innocent parties, the party making the representation should bear the loss. Stated another way, the rule is based on the view that "one who has made a false statement ought not to benefit at the expense of another who has been prejudiced by relying on the statement." This rule may be employed "actively," as in a suit at equity or law for rescission and restitution, or 'passively,' as a defense to a suit for breach of contract. *In re Estate of McKenney*, 953 A.2d 336, 342 (D.C. 2008) (quoting *Barrer v. Women's Nat'l Bank,* 245 U.S. App. D.C. 349, 354-55, (1985)).

Here, not only were the material misrepresentations set forth in the preceding section made with knowledge of their falsity, they were also clearly made with fraudulent intent. This is evident from the face of the "Consent Agreement" alone. It is clear that Defendants knew that they had to disguise their identity, otherwise Plaintiffs would never have agreed to appear on "Who is America?" It is also clear that Defendants knew that Judge Moore would never have agreed to appear on national television to be falsely portrayed as a pedophile, which is why they had to lie about the purpose of the "Consent Agreement" and say that Judge Moore was to receive an award for his strong support of Israel.

4

As set forth above, the balance of equities is also at play here. Plaintiffs are truly victims in Defendant's sordid scheme for ratings and profit. There is no way that Plaintiffs could have known the true intent behind the "Consent Agreement" until it was much too late. Given that Judge Moore has already suffered irreparable injury by being falsely cast as a pedophile on national television, it is truly inequitable to allow Defendants to also enforce a fraudulently obtained contract to move this case to what they perceive to be a favorable venue and forum.

### C. Even if the "Consent Agreement" Was Valid, Defendants Have No Basis to Enforce it

As set forth in the Complaint, the purported "Consent Agreement" was strictly between Judge Moore and Yerushalayim TV. There is zero mention of Defendant Cohen, Defendant CBS, or Defendant Showtime in the "Consent Agreement." Yerushalayim Television, LLC is incorporated in the state of Montana. Exhibit 2. There is no indication on its Articles of Organization or Annual Report that it is in any way affiliated with any of the Defendants. Exhibit 2. As such, even if the Consent Agreement were a valid binding agreement - which it is not, as set forth above – Defendants clearly have no basis upon which to enforce its terms.

"Generally, a stranger to a contract may not bring a claim on the contract." *Fort Lincoln Civic Ass'n v. Fort Lincoln New Town Corp.*, 944 A.2d 1055, 1064 (D.C. 2008). "In order to sue for damages on a contract claim, a plaintiff must have either direct privity or third party beneficiary status." *Id*. Defendants' only possible hope is that this Court grants them third party beneficiary status, but such a conclusion is simply not supported by the facts. "Third-party beneficiary status requires that the contracting parties had an express or implied intention to benefit directly the party claiming such status." *Id*. As set forth above, not only did Plaintiffs never intend to benefit Defendants by signing the Consent Agreement, Plaintiffs would not have entered into any agreement at all had they known that Defendants were using a fake corporation.

5

As such, no third-party beneficiary status can be conferred, and Defendants, as strangers to the contract, have no standing or legal basis to enforce its terms.

### D. The Court Should Deny Defendants' Motion in the Interest of Justice

As set forth above, basic and fundamental contract law mandates a finding that the "Consent Agreement" is void for fraud and, even if it was not, that Defendants, as strangers to the purported contract, have no grounds to enforce its terms.

Allowing Defendants to enforce the terms of a fraudulently obtained contract would creates a terrible precedent that allows for parties to make express misrepresentations in the terms of a contract without any legal consequence. It is simply indisputable that Defendants engaged in material fraud to induce Judge Moore to sign the "Consent Agreement." It should not matter whether fraud is perpetrated to make a television program. Fraud is fraud, simply put, and as such it must be dealt with accordingly.

Indeed, Defendants' motion is purely tactical, as they clearly perceive New York to a more favorable forum, where they will more than likely find a favorable left-leaning, pro-entertainment industry judge to rule in their favor. Defendants' clearly recognize that chances of success in a truly neutral forum, such as this one, are significantly diminished, which explains their attempt to "forum shop" with their instant motion. Allowing Defendants to do so would contravene notions of both fundamental fairness and justice, and would severely prejudice Plaintiffs, who pursuant to the federal venue statute, have every right to have their claims heard and adjudicated in this honorable Court.

### III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court deny Defendants' motion to transfer, as the purported "Consent Agreement" was obtained fraudulently and

therefore must be voided. Even more, it is also clear that Defendants have no legal basis to enforce the terms of the "Consent Agreement," as they are not parties therein.

This is really a simple matter of basic contract law. It is incumbent upon this Court to apply the same law to Defendants as to any other litigant and see through Defendants' tactical motion to transfer this case to what they perceive to be a favorable forum.

Dated: December 12, 2018                    Respectfully submitted,

                                            */s/ Larry Klayman*
                                            Larry Klayman, Esq.
                                            KLAYMAN LAW GROUP, P.A.
                                            D.C. Bar No. 334581
                                            2020 Pennsylvania Ave NW #800
                                            Washington, DC, 20006
                                            Tel: (561)-558-5536
                                            Email: leklayman@gmail.com

                                            Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the court's ECF system to all counsel of record or parties on December 12, 2018.

                                                        */s/ Larry Klayman*
                                                        Larry Klayman, Esq.

STANDARD CONSENT AGREEMENT

This is an agreement between Yerushalayim TV (including its assigns, licensees, parents, subsidiaries, and affiliates) (collectively, the "Producer") and the undersigned participant (the "Participant"). In exchange for the Producer making a $ _200_ donation to a charity chosen by the Participant and allowing an opportunity for the Participant to appear in a television series, the Participant agrees as follows:  Foundation For Moral Law

    1. The Participant agrees to be filmed and/or audiotaped by the Producer for a reality-style television series (the "Program"). It is understood that the Producer hopes to reach a young adult audience by using entertaining content and formats.

    2. The Participant agrees that any rights that the Participant may have in the Program or the Participant's contribution are hereby assigned to the Producer, and that the Producer shall be exclusively entitled to use, or to assign or license to others the right to use, the Program and any recorded material that includes the Participant, without restriction in any media throughout the universe in perpetuity and without liability on the part of the Producer, and the Participant hereby grants any consents required for that. The Participant also agrees to allow the Producer, and any of its assignees or licensees, to use the Participant's contribution, photograph, film footage, and biographical material in connection not only with the Program, but also in any advertising, marketing or publicity for the Program and in connection with any ancillary products associated with the Program.

    3. The Participant understands that the Producer and its assignees or licensees are relying upon this consent agreement in spending time, money and effort on the Program and the Participant's participation in it, and that the consent agreement, for this and other reasons, cannot be revoked.

    4. The Participant specifically, but without limitation, waives, and agrees not to bring at any time in the future, any claims against the Producer, or against any of its assignees or licensees or anyone associated with the Program, which are related to the Program or its production, or this agreement, including, but not limited to, claims involving assertions of (a) failure to adequately compensate Participant, (b) failure to use the footage of Participant in the Program, (c) infringement of rights of publicity or misappropriation (such as any allegedly improper or unauthorized use of the Participant's name or likeness or image), (d) damages caused by "acts of God" (such as, but not limited to, injuries from natural disasters), (e) damages caused by acts of terrorism or war, (f) intrusion or invasion of privacy (~~such as any allegedly sexual-oriented or offensive behavior or questioning~~), (g) false light (such as any allegedly false or misleading portrayal of the Participant), (h) infliction of emotional distress (whether allegedly intentional or negligent), (i) trespass (to property or person), (j) breach of any alleged contract (whether the alleged contract is verbal or in writing), (k) allegedly deceptive business or trade practices, (l) copyright or trademark infringement, (m) defamation (such as any allegedly false statements made in the Program), (n) violations of Section 43(a) of the Lanham Act (such as allegedly false or misleading statements or suggestions about the Participant in relation to the Program or the Program in relation to the Participant), (o) prima facie tort (such as alleged intentional harm to the Participant), (p) fraud (such as any alleged deception about the Program or this consent agreement), (q) breach of alleged moral rights, or (r) tortious or wrongful interference with any contracts or business of the Participant.

    5. This is the entire agreement between the Participant and the Producer or anyone else in relation to the Program, and the Participant acknowledges that in entering into it, the Participant is not relying upon any promises or statements made by anyone about the nature of the Program or the identity, behavior, or qualifications of any other Participants, cast members, or other persons involved in the Program. Participant is signing this agreement with no expectations or understandings concerning the conduct, offensive or otherwise, of anyone involved in this Program.

    6. Although the Participant agrees not to bring any claim in connection with the Program or its production, if any claim nevertheless is made, the Participant agrees that any such claim must be brought before, and adjudicated by, only a competent court located in the State and County of New York, and governed by the substantive laws of the State of New York. This paragraph is intended by the parties to stand on its own, and it is intended to be valid and enforceable, even if a court finds that other paragraphs are not valid or enforceable.

AGREED AND ACCEPTED:
SIGNED:

_Roy S. Moore_                                                            Yerushalayim TV
PRINT: _Roy Moore_                                              By: _____
                                                                     Print: _____
Dated: _2/14/18_

**2018**                           **Limited Liability Company Annual Report**

| | | |
|---|---|---|
| Due on or Before: | October 1, 2018 | <u>For Office Use Only</u> |
| ID: | 2017-000771418 | Wyoming Secretary of State |
| State of Formation: | Wyoming | 2020 Carey Avenue, Cheyenne, WY  82002-0020 |
| License Tax Paid: | $50.00 | 307-777-7311 |
| AR Number: | 03965310 | https://wyobiz.wy.gov/Business/AnnualReport.aspx |

**YERUSHALAYIM TELEVISION, LLC**

<u>Current Registered Agent:</u>
Hirst Applegate Registered Agent Services, Inc.
1720 Carey Ave Ste 400
Cheyenne, WY 82001

1:  Mailing Address
  900 Wilshire Blvd.
  Suite 1000
  Beverly Hills, CA 90212

• Please review the current Registered Agent information and, if it needs to be changed or updated, complete the <u>appropriate</u> Statement of Change form available from the Secretary of State's website at
http://soswy.state.wy.us

2:  Principal Office Address
  900 Wilshire Blvd
  Suite 1000
  Beverly Hills, CA 90212

  Phone: (323) 819-3546
  Email: corporate.organizer1@gmail.com

---

I hereby certify under the penalty of perjury that the information I am submitting is true and correct to the best of my knowledge.

| Jenifer Wallis | Jenifer Wallis | November 14, 2018 |
|---|---|---|
| Signature | Printed Name | Date |

---

**The fee is $50 or two-tenths of one mill on the dollar ($.0002), whichever is greater.**

**Instructions:**
1. Complete the required worksheet.
2. Sign and date this form and return it to the Secretary of State at the address provided above.



**Wyoming Secretary of State**
2020 Carey Avenue
Suite 700
Cheyenne, WY 82002-0020
Ph. 307-777-7311

For Office Use Only
**Ed Murray, WY Secretary of State**
**FILED:** Oct 6 2017 11:08AM
**Original ID:** 2017-000771418

# Limited Liability Company
# Articles of Organization

**I. The name of the limited liability company is:**
YERUSHALAYIM TELEVISION, LLC

**II. The name and physical address of the registered agent of the limited liability company is:**
Hirst Applegate Registered Agent Services, Inc.
1720 Carey Ave Ste 400
Cheyenne, WY 82001

**III. The mailing address of the limited liability company is:**
900 Wilshire Blvd.
Suite 1000
Beverly Hills, CA 90212

**IV. The principal office address of the limited liability company is:**
900 Wilshire Blvd
Suite 1000
Beverly Hills, CA 90212

**V. The organizer of the limited liability company is:**
Jenifer Wallis
801 S. Figueroa St., 15th flr, Los Angeles, CA 90017

| | | | |
|---|---|---|---|
| **Signature:** | *Jenifer Wallis* | **Date:** | **10/06/2017** |
| Print Name: | **Jenifer Wallis** | | |
| Title: | **Attorney of record for LLC** | | |
| Email: | **jcw@manningllp.com** | | |
| Daytime Phone #: | **(213) 553-2494** | | |

☑ I am the person whose signature appears on the filing; that I am authorized to file these documents on behalf of the business entity to which they pertain; and that the information I am submitting is true and correct to the best of my knowledge.

☑ I am filing in accordance with the provisions of the Wyoming Limited Liability Company Act, (W.S. 17-29-101 through 17-29-1105) and Registered Offices and Agents Act (W.S. 17-28-101 through 17-28-111).

☑ I understand that the information submitted electronically by me will be used to generate Articles of Organization that will be filed with the Wyoming Secretary of State.

☑ I intend and agree that the electronic submission of the information set forth herein constitutes my signature for this filing.

☑ I have conducted the appropriate name searches to ensure compliance with W.S. 17-16-401.

**Notice Regarding False Filings: Filing a false document could result in criminal penalty and prosecution pursuant to W.S. 6-5-308.**

> **W.S. 6-5-308. Penalty for filing false document.**
>
> (a) A person commits a felony punishable by imprisonment for not more than two (2) years, a fine of not more than two thousand dollars ($2,000.00), or both, if he files with the secretary of state and willfully or knowingly:
>
> (i) Falsifies, conceals or covers up by any trick, scheme or device a material fact;
>
> (ii) Makes any materially false, fictitious or fraudulent statement or representation; or
>
> (iii) Makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry.

☑ I acknowledge having read W.S. 6-5-308.

**Filer is:**   ☑ An Individual      ☐ An Organization

**Filer Information:**
**By submitting this form I agree and accept this electronic filing as legal submission of my Articles of Organization.**

| | | | |
|---|---|---|---|
| **Signature:** | *Jenifer Wallis* | **Date:** | 10/06/2017 |
| Print Name: | **Jenifer Wallis** | | |
| Title: | **Attorney of record for LLC** | | |
| Email: | **jcw@manningllp.com** | | |
| Daytime Phone #: | **(213) 553-2494** | | |

**Wyoming Secretary of State**
2020 Carey Avenue
Suite 700
Cheyenne, WY 82002-0020
Ph. 307-777-7311

## Consent to Appointment by Registered Agent

**Hirst Applegate Registered Agent Services, Inc.**, whose registered office is located at **1720 Carey Ave Ste 400, Cheyenne, WY 82001**, voluntarily consented to serve as the registered agent for **YERUSHALAYIM TELEVISION, LLC** and has certified they are in compliance with the requirements of W.S. 17-28-101 through W.S. 17-28-111.

I have obtained a signed and dated statement by the registered agent in which they voluntarily consent to appointment for this entity.

| | | |
|---|---|---|
| **Signature:** | *Jenifer Wallis* | **Date:** 10/06/2017 |
| Print Name: | **Jenifer Wallis** | |
| Title: | **Attorney of record for LLC** | |
| Email: | **jcw@manningllp.com** | |
| Daytime Phone #: | **(213) 553-2494** | |

# STATE OF WYOMING
## Office of the Secretary of State

I, ED MURRAY, Secretary of State of the State of Wyoming, do hereby certify that the filing requirements for the issuance of this certificate have been fulfilled.

CERTIFICATE OF ORGANIZATION

**YERUSHALAYIM TELEVISION, LLC**

I have affixed hereto the Great Seal of the State of Wyoming and duly executed this official certificate at Cheyenne, Wyoming on this **6th** day of **October, 2017** at **11:08 AM.**

Remainder intentionally left blank.



Filed Date: 10/06/2017

_____
Secretary of State

Filed Online By:

Jenifer Wallis

on 10/06/2017