## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROY STEWART MOORE and KAYLA MOORE,** | |
| **Plaintiffs**, | |
| **v.** | Civil Action No. 1:18-cv-02082 |
| **SACHA NOAM BARON COHEN, SHOWTIME NETWORKS, INC., AND CBS CORPORATION,** | |
| **Defendant**. | |

## REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO TRANSFER CASE PURSUANT TO 28 U.S.C. § 1404(a)

Elizabeth A. McNamara (*pro hac vice*)
Rachel F. Strom (*pro hac vice*)

DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York  10020
(212) 489-8230
(212) 489-8340
lizmcnamara@dwt.com
rachelstrom@dwt.com

Eric J. Feder (DC Bar No. 1048522)

DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C.  20006-3401
(202) 973-4200
(202) 973-4499 (fax)
ericfeder@dwt.com

Of Counsel:
Russell Smith, Esq.
Jeff Holmes, Esq.

SMITHDEHN LLP
2500 Broadway
Building F, Suite F-125
Santa Monica, California  90404
(310) 396-9045
rsmith@smithdehn.com
jholmes@smithdehn.com

*Attorneys for Defendants Sacha Noam Baron Cohen,*
*Showtime Networks Inc. and CBS Corporation*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT ....................................................................................................................3

I.      PLAINTIFFS' BROAD ALLEGATIONS OF FRAUDULENT INDUCEMENT OF THE CONSENT AGREEMENT DO NOT AFFECT ENFORCEABILITY OF THE FORUM SELECTION CLAUSE ............................................................................3

II.     DEFENDANTS MAY ENFORCE THE FORUM SELECTION CLAUSE ......................7

III.    THE INTERESTS OF JUSTICE WEIGH IN FAVOR OF TRANSFERRING THE ENTIRE CASE TO NEW YORK ......................................................................................9

CONCLUSION .................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*2215 Fifth St. Assocs. v. U-Haul Int'l, Inc.*,
  148 F. Supp. 2d 50 (D.D.C. 2001) ........................................................................5

*Armco Inc. v. N. Atl. Ins. Co.*,
  68 F. Supp. 2d 330 (S.D.N.Y. 1999).....................................................................5

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*,
  571 U.S. 49 (2013)............................................................................................3, 9, 10

*Bank v. Laptop & Desktop Repair LLC*,
  206 F. Supp. 3d 772 (E.D.N.Y. 2016) ..................................................................4

*Brown v. Dorsey & Whitney, LLP*,
  267 F. Supp. 2d 61 (D.D.C. 2003) .....................................................................5, 6

*Cheney v. IPD Analytics, LLC*,
  583 F. Supp. 2d 108 (D.D.C. 2008) ...................................................................4, 5

*Klayman v. Judicial Watch, Inc.*,
  No. 06-cv- 670 (CKK), 2007 WL 1034937 (D.D.C. Apr. 3, 2007).....................7, 9

*KTV Media Int'l, Inc. v. Galaxy Grp., LA LLC*,
  812 F. Supp. 2d 377 (S.D.N.Y. 2011) ...................................................................11

*M/S Bremen v. Zapata Off-Shore Co.*,
  407 U.S. 1 (1972)..................................................................................................10

*Magi XXI, Inc. v. Stato Della Citta Del Vaticano*,
  818 F. Supp. 2d 597 (E.D.N.Y. 2011), *aff'd*, 714 F.3d 714 (2d Cir. 2013)..............8

*One on One Basketball, Inc. v. Glob. Payments Direct, Inc.*,
  38 F. Supp. 3d 44 (D.D.C. 2014) ..........................................................................8

*Psenicska v. Twentieth Century Fox Film Corp.*,
  No. 07 Civ. 10972, 2008 WL 4185752 (S.D.N.Y. Sept. 3, 2008),
  *aff'd*, 409 F. App'x 368 (2d Cir. 2009).........................................................2, 6, 10

*Scherk v. Alberto-Culver Co.*,
  417 U.S. 506 (1974)................................................................................................4

*Sheffer v. Novartis Pharms. Corp.*,
  873 F. Supp. 2d 371 (D.D.C. 2012) .......................................................................8

*Singh v. D.C.*,
    55 F. Supp. 3d 55 (D.D.C. 2014) ..........................................................................................11

*Streit v. Twentieth Century Fox Film Corp.*,
    No. CV 07-J-1918-S, 2008 WL 11422482 (N.D. Ala. Jan. 30, 2008)...............................2, 4, 5

**State Cases**

*Ex parte Leasecomm Corp.*,
    879 So. 2d 1156 (Ala. 2003) ........................................................................................4, 5, 7

*Farmers Ins. Exch. v. Morris*,
    228 So. 3d 971 (Ala. 2016) ....................................................................................................6

*Foremost Ins. Co. v. Parham*,
    693 So. 2d 409 (Ala. 1997) ....................................................................................................7

*Hercules & Co. v. Shama Rest. Corp.*,
    613 A.2d 916 (D.C. 1992) ......................................................................................................9

*Klapper v. Graziano*,
    41 Misc. 3d 401 (N.Y. Sup. Ct. Kings Cty. 2013), *aff'd*, 129 A.D.3d 674 (2d Dep't 2015).....9

*Woodfield v. Providence Hosp.*,
    779 A.2d 933 (D.C. 2001) ......................................................................................................8

**Federal Statutes**

28 U.S.C. § 1391 ...........................................................................................................................3

28 U.S.C. § 1404(a) ...............................................................................................................1, 3, 8, 11

Defendants submit this reply memorandum in further support of their motion pursuant to 28 U.S.C. § 1404(a) for an order transferring this action to the United States District Court for the Southern District of New York (the "Motion").[1]

## PRELIMINARY STATEMENT

Judge Moore is the former Chief Justice of the Supreme Court of the State of Alabama. Such a sophisticated jurist must be well aware of the legal implications of signing a contract. Here, the short six-paragraph Standard Consent Agreement he signed before appearing in a "television series" provided in no uncertain terms that Judge Moore was "not relying upon any promises or statements made by anyone about the nature of the Program or the identity, behavior or qualifications of any other Participants, cast members, or other persons involved in the Program," and that he was "signing th[e] agreement with no expectations or understandings concerning the conduct, offensive or otherwise, of anyone involved in this Program." Consent Agreement ¶ 5. He also agreed he would not bring "any claims against the Producer … or anyone associated with the Program, which are related to the Program or its production," including, but not limited to, claims for (1) "defamation," (2) "infliction of emotional distress," or (3) "fraud." *Id.* ¶ 4. And he agreed that if "any claim nevertheless is made," "any such claim must be brought before, and adjudicated by, only a competent court located in the State and County of New York." *Id.* ¶ 6 (emphasis added). Despite these crystal clear promises, Plaintiffs filed this lawsuit in Washington, D.C., asserting claims relating to the Program for (1) defamation, (2) infliction of emotional distress and (3) fraud. But if these claims are to be heard at all, they must be heard in the contractually agreed-upon forum.

---

[1] Capitalized terms bear the same definitions as in Defendants' Memorandum of Points and Authorities in support of this Motion (ECF No. 6-1) ("Defs. Mem.").

In trying to avoid enforcement of the unambiguous and binding forum selection clause, Plaintiffs completely ignore both the law and the record.  Plaintiffs cite a general provision of the Restatement of Contracts in an effort to get around the well settled legal principle that an allegation of fraudulent inducement only prevents enforcement of a forum selection clause where the plaintiff shows that the inclusion of the clause itself was somehow based on fraud or deception.  Plaintiffs do not even try to meet this standard here.  *See infra* Point I.  Likewise, in arguing that Defendants have "no basis" to enforce the Consent Agreement, Plaintiffs ignore the fact that the counter-party to the Consent Agreement—Yerushalayim TV—is defined to include that entity's "assigns, licensees, parents, subsidiaries, and affiliates," which the undisputed evidence in the record establishes includes all of the Defendants.  Consent Agreement at 1.  Indeed, even absent such language, it is well settled that non-signatories, like Defendants, who are "closely related" to the parties to a contract may also enforce a forum selection clause contained in the agreement.  *See infra* Point II.

More broadly, Plaintiffs fail to grapple with the reality that all of the issues they raise have already been decided against them.  In the cases stemming from the *Borat* movie—another comedy film produced by and starring Defendant Cohen—the plaintiffs raised the same arguments to avoid enforcement of almost identical consent agreements, and courts across the country rejected those arguments.  *See Streit v. Twentieth Century Fox Film Corp.*, No. CV 07-J-1918-S, 2008 WL 11422482 (N.D. Ala. Jan. 30, 2008) (transferring case against Defendant Cohen to New York pursuant to forum selection clause, notwithstanding arguments of fraudulent inducement); *Psenicska v. Twentieth Century Fox Film Corp.*, No. 07 Civ. 10972, 2008 WL 4185752, at *6 (S.D.N.Y. Sept. 3, 2008) (consolidating and dismissing multiple suits against Mr. Cohen and other producers of the film pursuant to similar consent agreement), *aff'd*, 409 F. App'x 368 (2d Cir. 2009).  Indeed, the only meaningful distinction between this case and the

2

*Borat* cases is that the plaintiffs in those cases were laypersons, while the signatory of the

Consent Agreement in this case is the former Chief Justice of a state Supreme Court.

In the end, Plaintiffs provide no basis to avoid enforcement of a clear, mandatory forum

selection clause, and the Court should therefore transfer the case to the contractually chosen

forum, New York.[2]

### ARGUMENT

## I.   PLAINTIFFS' BROAD ALLEGATIONS OF FRAUDULENT INDUCEMENT OF THE CONSENT AGREEMENT DO NOT AFFECT ENFORCEABILITY OF THE FORUM SELECTION CLAUSE

Plaintiffs' opposition to Defendants' Motion rests almost entirely on the premise that they

should not be bound by the unambiguous obligations of the Consent Agreement because of the

"severe level of fraud" Plaintiffs allege Defendants "perpetrated":  specifically, that Defendants

---

[2] On December 27, 2018, more than two weeks after they filed their Opposition, Plaintiffs filed a "Supplement" to their Opposition—which is not only untimely but is wholly irrelevant to this Motion to transfer this litigation in accordance with the agreed upon forum in Judge Moore's Consent Agreement.  Supplement to Opposition (ECF No. 17) at 1.  Plaintiffs' Supplement cites an article containing an interview with Defendant Cohen which Plaintiffs maintain establishes "the extent to which … the … Defendants' activities were linked with and targeted to the District of Columbia with regard to *Who Is America?*"  *Id.*  But Defendants' alleged activity in this District in connection with production of the Program—whether or not it amounted to "engag[ing] in business," *id.* at 2—has no bearing on whether the Court should enforce the mandatory and unambiguous forum selection clause in the Consent Agreement that Judge Moore signed.  Indeed, the entire premise of the U.S. Supreme Court's recent decision in *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013), was that a forum selection clause does not render venue "improper" under the venue statute, 28 U.S.C. § 1391, but that courts must nevertheless enforce such clauses by transferring the action under 28 U.S.C. § 1404(a) to the contractually designated forum in "all but the most exceptional cases."  *Id.* at 59-60 (citation omitted).  Thus, even assuming venue is proper in this District and that the Court has personal jurisdiction over the Defendants, this Court should transfer this case to New York in accordance with the Consent Agreement.  Plaintiffs' "Supplement" does not change the analysis in the slightest.

"misrepresent[ed] not only their identity but also the purpose of the purported agreement." Plaintiff's Opposition ("Pl. Opp.") at 1.[3]  There are two critical flaws in this argument.

**First**, it is well settled—whether under the law of this District, New York, or Plaintiffs' home state of Alabama—that allegations that a contract was induced by fraud cannot preclude enforcement of a forum selection clause unless the plaintiff shows that the *inclusion of the clause itself* was based on fraud.  *See Cheney v. IPD Analytics, LLC*, 583 F. Supp. 2d 108, 117–21 (D.D.C. 2008); *Bank v. Laptop & Desktop Repair LLC*, 206 F. Supp. 3d 772, 780–81 (E.D.N.Y. 2016) (collecting cases); *Ex parte Leasecomm Corp.*, 879 So. 2d 1156, 1159 (Ala. 2003); Defs. Mem. at 13-14 (citing cases).  Indeed, the U.S. Supreme Court squarely rejected the notion advanced by Plaintiffs that "any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the [forum selection] clause is unenforceable."  *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974).

This well settled principle of law was the basis for the court's transfer of a case that a number of the participants in the *Borat* movie filed in the Northern District of Alabama, in contravention of a similar forum selection clause in the consent agreements those plaintiffs had signed.  *See Streit*, 2008 WL 11422482.  The plaintiffs in that case made the same arguments that Plaintiffs make here—that they had been misled about the nature of the program (claiming they were told they would be in "an educational documentary") and the identity of the producer (the production company was called "Belarus Television" although the movie was produced by Twentieth Century Fox), *see* Defs. Mem. at 14—but the court held those allegations were not sufficient to show fraud connected to the "inclusion of that [forum selection] clause in the

---

[3] It is with no small irony that Plaintiffs accuse "Defendants" and "Defendant Cohen and his agents" of being central to this alleged fraud surrounding the execution of the Consent Agreement, yet in their next breath, argue that the Consent Agreement "was strictly between Judge Moore and Yerushalayim TV."  Pl. Opp. at 5.

contract." *Streit*, 2008 WL 11422482, at *1 (citation omitted).  The *Streit* court cited case law

from the Alabama Supreme Court—the very court on which Judge Moore served—that "if the

claim of fraud in the inducement is directed toward the entire contract, the fraud exception to

enforcement of the forum-selection clause does not apply."  *Id.* (quoting *Leasecomm*, 879 So. 2d

at 1159).

Here, Plaintiffs make no effort to allege that the specific inclusion of the forum selection

clause in the Consent Agreement was based on fraud or deception.  That failure is fatal to their

effort to avoid the clause's effect.  A forum selection clause may only be invalidated "if it had

been concealed by one party or if an overbearing party had forced a relatively unsophisticated

party to include it within the contract."  *2215 Fifth St. Assocs. v. U-Haul Int'l, Inc.*, 148 F. Supp.

2d 50, 54–56 (D.D.C. 2001).  *Cf. Armco Inc. v. N. Atl. Ins. Co.*, 68 F. Supp. 2d 330, 340–41

(S.D.N.Y. 1999) (declining to enforce forum selection clause where, *inter alia*, the initial draft of

the agreement contained no forum selection clause, and the clause was added at the direction of a

lawyer "who was charged with protecting plaintiffs' interests in the contract negotiations, [but]

was secretly working with the other defendants in th[e] action to defraud plaintiffs").  But

Plaintiffs make no allegations that the forum selection clause was concealed or surreptitiously

added to the single-page, six-paragraph Consent Agreement that Judge Moore not only signed,

but even carefully marked up.  *See* Consent Agreement (containing handwritten modification of

paragraph 4 initialed by Judge Moore).  And Plaintiffs would have a hard time arguing that a

former state Supreme Court justice is a "relatively unsophisticated party" in the area of contract

law.  *See Cheney*, 583 F. Supp. 2d at 118-19 (plaintiff's "allegation of coercion" to avoid

enforcement of forum selection clause was "undermined by the fact that he is an experienced

attorney"); *Brown v. Dorsey & Whitney, LLP*, 267 F. Supp. 2d 61, 83 (D.D.C. 2003) ("plaintiff's

education and extensive experience in the legal profession support the conclusion that she

assented to be bound by the terms of the defendant's dispute resolution policy" that she did not read).  Given their failure to show fraud specific to the forum selection clause, Plaintiffs cannot avoid enforcement of that clause.  This case belongs in New York.

**Second**, if that were not sufficient, Plaintiffs' fraudulent inducement arguments are undermined completely by the terms of the Consent Agreement itself.  In signing the Consent Agreement, Judge Moore expressly acknowledged that the Consent Agreement represented the "entire agreement between the Participant and the Producer or anyone else in relation to the Program."  Consent Agreement ¶ 5.  Judge Moore agreed further that he was "***not relying upon any promises or statements made by anyone about the nature of the Program or the identity, behavior or qualifications of any other Participants, cast members, or other persons involved in the Program***," and that he was "***signing th[e] agreement with no expectations or understandings concerning the conduct, offensive or otherwise, of anyone involved in this Program***."  *Id.* (emphasis added).  In the *Borat* cases, which were eventually consolidated in the Southern District of New York, the court enforced consent agreements containing similar language because, "where a plaintiff 'has in the plainest language announced and stipulated that it is not relying on any representations as to the very matter as to which it now claims it was defrauded,' the disclaimer 'destroys the allegations in plaintiff's complaint that the agreement was executed in reliance upon these contrary oral representations.'"  *Psenicska*, 409 F. App'x at 371 (citation omitted).  The result here should be the same.

This is hardly an abstract or obscure concept.  In fact, it is well-known to Judge Moore himself who has cited the principle that "judgment as a matter of law in a fraud case" is appropriate where "the undisputed evidence indicates that the party or parties claiming fraud in a particular transaction were fully capable of reading and understanding their documents, but nonetheless made a deliberate decision to ignore written contract terms."  *Farmers Ins. Exch. v.*

*Morris*, 228 So. 3d 971, 991 (Ala. 2016) (Moore, C.J., dissenting) (quoting *Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 421 (Ala. 1997)) (dissenting from opinion affirming judgment for former employee asserting fraudulent inducement on grounds that, because former employee "was legally bound by the specific at-will language in the contract, he had no basis to rely on oral assurances" to the contrary).  And Plaintiffs' counsel is also well aware from his own litigation history that, "where an agreement provides that it supersedes all previous agreements and understandings, any prior representations are superseded, such that there are no representations on which a plaintiff could reasonably base a fraud claim."  *Klayman v. Judicial Watch, Inc.*, No. 06-cv- 670 (CKK), 2007 WL 1034937, at *8–10 (D.D.C. Apr. 3, 2007) (citation omitted).  Thus, as Plaintiffs (and their counsel) know, they cannot avoid enforcement of a forum selection clause by arguing that they relied on the exact representations—about the nature of the Program and the identity of the producers—that were expressly disclaimed in the Consent Agreement.

At bottom, Plaintiffs are trying to argue against enforcement of the Consent Agreement as a whole.  However, as Judge Moore's own court has explained, those "more general claims of fraud" must be "litigated *in the chosen forum*, in accordance with the contractual expectations of the parties."  *Leasecomm*, 879 So. 2d at 1159 (citation omitted).  Here, that means that Plaintiffs' general allegations of fraud must be litigated in New York.

## II.    DEFENDANTS MAY ENFORCE THE FORUM SELECTION CLAUSE

Plaintiffs' argument that Defendants "have no basis" to enforce the forum selection clause fares no better than their deficient fraud arguments.  Pl. Opp. at 5.  Plaintiffs argue that the Consent Agreement was "strictly between Judge Moore and Yerushalayim TV," and cite the Articles of Organization and Annual Report of Yerushalayim Television, LLC, which do not contain an "indication" that it is "affiliated with any of the Defendants."  *Id.*  But Plaintiffs

ignore the language of the contract itself, which defines the "Producer" counter-party to the

Consent Agreement as "Yerushalayim TV" <u>and</u> its "assigns, licensees, parents, subsidiaries, and

affiliates."  Consent Agreement at 1.  Plaintiffs likewise ignore the undisputed evidence

submitted by Defendants that Yerushalayim Television, LLC is wholly owned by Defendant

Cohen through his wholly-owned production company, and that Cohen's production company, in

turn, owns the Program and licenses it to Defendant SNI (and its parent Defendant CBS).  *See*

Schulman Decl. ¶¶ 4, 5, 7.[4]  In other words, far from being "stranger[s] to [the] contract," Pl.

Opp. at 5, each of the Defendants is included within the definition of the "Producer" signatory to

the Consent Agreement as, respectively, "parent" or "affiliate" (Cohen) and "licensees" (SNI and

CBS) of Yerushalayim TV.  Consent Agreement at 1.

      Further, notwithstanding Plaintiffs' conclusory assertions to the contrary, the language of

the Consent Agreement makes clear that, to the extent Defendants are third parties to the

agreement, they are expressly intended third-party beneficiaries, since the agreement required

Judge Moore to waive his right to bring claims "related to the Program or its production" against

not only the "Producer" but "any of its assignees or *licensees* or *anyone associated with the*

*Program*."  Consent Agreement ¶ 4 (emphasis added).  *See, e.g.*, *Woodfield v. Providence Hosp.*,

779 A.2d 933, 937 (D.C. 2001) (holding that, where contract provided for waiver of claims

against "those entities and individuals named in appellant's employment application," they were

intended third-party beneficiaries).  And courts have held that "[a] third-party beneficiary to a

contract is 'by definition' a closely related party to that contract," and may therefore enforce a

forum selection clause contained therein. *Magi XXI, Inc. v. Stato Della Citta Del Vaticano*, 818

---

[4] When considering a motion to transfer under 28 U.S.C. § 1404(a), the Court is not limited to
the allegations of the Complaint, but "may consider undisputed facts outside the pleadings,"
*Sheffer v. Novartis Pharms. Corp.*, 873 F. Supp. 2d 371, 380 (D.D.C. 2012), including
"affidavits … or other relevant documents." *One on One Basketball, Inc. v. Glob. Payments*
*Direct, Inc*., 38 F. Supp. 3d 44, 48 (D.D.C. 2014).

F. Supp. 2d 597, 609–10 (E.D.N.Y. 2011) (collecting cases), *aff'd,* 714 F.3d 714 (2d Cir. 2013).[5]

Thus, for example, in *Klapper v. Graziano*, 41 Misc. 3d 401, 408-09 (N.Y. Sup. Ct. Kings Cty. 2013), *aff'd,* 129 A.D.3d 674 (2d Dep't 2015), a New York court rejected "a technical challenge" to an appearance agreement for the show "Mob Wives" where the agreement only named one producer of the show, because "[i]t is abundantly clear that the [named] defendants are closely intertwined in the production of Mob Wives." *Id.* The court held the agreement "serve[d] to insulate the named party (Left/Right Inc.) as well as the corporate affiliates and assigns who play a role in producing Mob Wives." *Id.* at 410. Similarly here, Plaintiffs cannot credibly argue that Defendants—as affiliates and licensees of Yerushalayim TV—may not enforce the forum selection clause in an agreement that exists entirely for their protection.

## III.   THE INTERESTS OF JUSTICE WEIGH IN FAVOR OF TRANSFERRING THE ENTIRE CASE TO NEW YORK

Left without a viable legal basis to avoid enforcement of the forum selection clause, Plaintiffs ultimately lean on broad principles of "equity" and "the interest of justice." Pl. Opp. at 5, 6. But the U.S. Supreme Court has squarely held that "[w]hen parties have contracted in advance to litigate disputes in a particular forum," then "[i]n all but the most unusual cases … 'the interest of justice' is served by holding parties to their bargain." *Atl. Marine Constr.*, 571 U.S. at 66. Plaintiffs' assertions that Judge Moore was fraudulently induced into signing the Consent Agreement do not remotely place this action among the "most unusual cases." *Id.* On the contrary, as the *Borat* court held, to allow a case to go forward based on allegations of fraud

---

[5] Plaintiffs' insistence that they could not possibly have intended to benefit Defendants since they did not specifically know the identities of who was producing the Program (*see* Pl. Opp. at 5) flies in the face of black letter contract law that, where, as in this case, a contract is "facially unambiguous, its language should be relied upon as providing the best objective manifestation of the parties' intent." *Klayman*, 2007 WL 1034937, at *8 (quoting *Hercules & Co. v. Shama Rest. Corp.*, 613 A.2d 916, 927 (D.C. 1992)). The contractual language here is crystal clear.

"would empower these Plaintiffs to avoid the clear wording of their own contracts in a manner [the court] must decline to condone." *Psenicksa*, 2008 WL 4185752, at *6.

In a peculiar twist, Plaintiffs finally accuse Defendants of "attempt[ing] to 'forum shop' with their instant motion." Pl. Opp. at 6. If seeking to enforce a previously mutually-agreed-upon forum selection provision is forum shopping, then that is correct. Defendants did indeed select the forum in which disputes arising from production of the Program would be heard, but they did so when they entered into the Consent Agreement, not when they filed this Motion. The law encourages this type of contractual forum shopping: The U.S. Supreme Court has described parties' ability to "agree[] in advance on a forum acceptable" as "an indispensable element" in commerce. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13–14 (1972). As the Court has explained further, "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." *Atl. Marine Constr.*, 571 U.S. at 63 (citation omitted).

Here, in the Consent Agreement, Judge Moore expressly acknowledged his "understand[ing] that the Producer and its assignees or licensees are relying upon this consent agreement in spending time, money and effort on the Program and the Participant's participation in it, and that the consent agreement, for this and other reasons, cannot be revoked." Consent Agreement ¶ 3. And the Consent Agreement makes clear how central the forum selection clause is, providing that the paragraph containing the clause "is intended by the parties to stand on its own, and it is intended to be valid and enforceable, even if a court finds that other paragraphs are not valid or enforceable." *Id.* ¶ 6. Accordingly, the interest of justice compels transfer of this case in its entirety to the Southern District of New York.[6]

---

[6] In their Motion to Transfer, Defendants argued that the Court should transfer the case to the Southern District of New York in its entirety, even though Ms. Moore did not separately sign the Consent Agreement. Plaintiffs do not contest this argument, and have thus waived any

**CONCLUSION**

For all of the reasons set forth above, Defendants respectfully request that the Court grant

Defendants' Motion, and transfer this case in its entirety to the U.S. District Court for the

Southern District of New York pursuant to 28 U.S.C. § 1404(a).

Dated: January 4, 2019                    Respectfully submitted,

                                          /s/ *Eric J. Feder*
                                          Elizabeth A. McNamara (*pro hac vice*)
                                          Rachel F. Strom (*pro hac vice*)
                                          Eric J. Feder (DC Bar No. 1048522)

                                          DAVIS WRIGHT TREMAINE LLP
                                          1251 Avenue of the Americas, 21st Floor
                                          New York, New York  10020
                                          (212) 489-8230  |  (212) 489-8340 (fax)

                                          1919 Pennsylvania Avenue N.W., Suite 800
                                          Washington, D.C.  20006-3401
                                          (202) 973-4200  |  (202) 973-4499 (fax)
                                          lizmcnamara@dwt.com
                                          rachelstrom@dwt.com
                                          ericfeder@dwt.com

                                          Of Counsel:

                                          Russell Smith, Esq.
                                          Jeff Holmes, Esq.
                                          SMITH DEHN LLP
                                          2500 Broadway, Building F, Suite F-125
                                          Santa Monica, California  90404
                                          (310) 396-9045
                                          rsmith@smithdehn.com
                                          jholmes@smithdehn.com

                                          *Attorneys for Defendants*

---

opposition.  *Singh v. D.C.*, 55 F. Supp. 3d 55, 66 (D.D.C. 2014) ("The rule in this circuit is clear that when a plaintiff fails to respond to an issue raised in a dispositive motion, the Court may treat that argument as conceded.").  But, in any event, any such opposition would be meritless. Since Ms. Moore's claims are "completely derivative" of Judge Moore's claims, the forum selection clause can be enforced against her as a matter of law.  Defs. Mem. at 11 (quoting *KTV Media Int'l, Inc. v. Galaxy Grp., LA LLC*, 812 F. Supp. 2d 377, 386–87 (S.D.N.Y. 2011)).  And it would make no practical sense to transfer the core of this case (*i.e.*, Judge Moore's claims) to New York and litigate the same issues on behalf of Ms. Moore here.  *See* Defs. Mem. at 17-18.