**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ROY STEWART MOORE and KAYLA
MOORE,

                Plaintiffs,

        v.

SASHA NOAM BARON COHEN,
SHOWTIME NETWORKS, INC., AND CBS
CORPORATION,

                Defendants.

Civil Action No. 1:18-cv-02082

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT'S ORDER OF APRIL 29, 2019 AND MOTION TO RECUSE OR DISQUALIFY AND RANDOM REASSIGNMENT TO ANOTHER JURIST OF THIS COURT**

Plaintiffs Chief Justice Roy Moore ("Judge Moore") and Kayla Moore ("Mrs. Moore"), his wife, move for reconsideration of the Court's order of April 29, 2019, as the Court, by virtue of misleading argument by counsel for the Defendants, failed to fully comprehend controlling Supreme Court precedent in *Atlantic Marine Construction Co. v. United States Dist. Court*, 571 U.S. 49 (2013) ("*Atlantic Marine*").

Courts may grant reconsideration under either Federal Rules of Civil Procedure 54(b) "as justice requires." *Prince George's Hosp. Ctr. v. Advantage Healthplan Inc*., 985 F. Supp. 2d 38, 42 (D.D.C. 2013). Generally, a court will grant a motion for reconsideration when the movant demonstrates "a clear error" in the order. *Id.* (quoting *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008)).

A review of the controlling case precedent of the Supreme Court in *Atlantic Marine* shows that it never reached the issue of whether the subject underlying subcontract contained a forum selection clause, along with the subcontract itself, that was procured by fraudulent inducement and fraud as is the case here. *Atlantic Marine* in fact strongly supports a ruling that

this case should not be transferred to the U.S. District Court for the Southern District of New York.

Importantly, the Supreme Court in *Atlantic Marine* ruled that a forum selection clause would not be enforced if there are "extraordinary circumstances." Clearly, in the instant case before this Court, the Standard Consent Agreement, which was procured through fraudulent inducement and multiple frauds,  and which contained the forum selection clause, is clearly subject to this "extraordinary circumstances" exception. The Standard Consent Agreement in the instant case, including its fraudulently induced forum selection clause,  is void *ab initio*; that it is "dead on arrival." Clearly, a court of law cannot and should not reward Defendants for having defrauded Plaintiffs, not just as a matter of law but sound and defensible public policy.

To be honest and straightforward, given the manner in which this Court appeared to disrespect and disparage Plaintiff Moore at the outset of the hearing over whether he could still be referred to as Chief Justice of the Alabama Supreme Court – indeed a public figure such as a judge never loses his or her title  -- and then at the conclusion of the hearing read from an apparently pre-prepared order that was obviously penned even before the Court heard oral argument, it would appear that the Court not only prejudged Defendants' motion to transfer, but also harbored extra-judicial bias toward Chief Justice Moore.

Under 28 U.S.C. § 455, a judge " . . . shall disqualify himself in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In order to preserve the integrity of the judiciary, judges must adhere to high standards of conduct. *York v. U.S.*, 785 A.2d 651, 655 (D.C. 2001). "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned . . ." ABA Code of Judicial Conduct Canon 3(C)(1); *see also Scott v. U.S.*, 559 A.2d 745, 750 (D.C. 1989). Disqualification is

required when there is even the appearance that the court's impartiality may be called into question, and "could suggest, to an outside observer, such a 'high degree of favoritism or antagonism to defendants' position that 'fair judgment is impossible.'" *Liteky v. U.S.*, 510 U.S. 540, 555 (1994)); *see also Jackson v. Microsoft Corp.*, 135 F. Supp. 2d 38, 40 (D.D.C. 2001) (recusal was proper because the judge "ha[d] created an appearance of personal bias or prejudice").

It would thus be prudent, given the disrespect and  disparagement that  occurred  at the recent hearing, the considerable delay in adjudicating the Defendants' motion to transfer (i.e., justice delayed is justice denied), the apparent prejudgment of this motion, and subsequent ruling of the Court which seriously erred and misapplied *Atlantic Marine*, at a minimum present a compelling prima facie appearance of a lack of impartiality and thus a showing of extra-judicial bias.

Accordingly, before this case is irrevocably transferred to the U.S. District Court for the Southern District of New York, this Court should vacate its order of April 29, 2019,  respectfully recuse itself and have this matter placed back into the random judicial assignment pool to be sent to another jurist of this Court who can then  render an impartial ruling. This is required not just because the Court erred, but also as a matter of due process, if not simple fundamental fairness.

WHEREFORE, Plaintiffs respectfully request reconsideration of this Court's Order of April 29, 2019 and the recusal or disqualification of the Court, resulting in the random reassignment of this case to an unbiased jurist before this matter proceeds further.

Defendants do not consent to this motion.

**Dated**: May 14, 2019                                    Respectfully Submitted,

                                    /s/ *Larry Klayman*
                                    Larry Klayman, Esq.

3

KLAYMAN LAW GROUP, P.A.
2020 Pennsylvania Ave. NW # 800
Washington, D.C. 20006
(310) 595-0800
Email: leklayman@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the Court's ECF system to all counsel of record or parties on May 14, 2019.

*/s/ Larry Klayman*