IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROY STEWART MOORE and | ) | |
| KAYLA MOORE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-02082 |
| | ) | |
| SACHA NOAM BARON COHEN, | ) | |
| SHOWTIME NETWORKS, INC., and | ) | |
| CBS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT'S ORDER OF APRIL 29, 2019 AND MOTION TO RECUSE OR DISQUALIFY AND RANDOM REASSIGNMENT TO ANOTHER JURIST OF THIS COURT

Plaintiffs' motion for reconsideration of the Court's order transferring the above-caption case to the U.S. District Court for the Southern District of New York ("SDNY") should be denied for a number of independent reasons.  Most importantly, under well settled law in this Circuit, this Court no longer has jurisdiction to hear Plaintiffs' motion, because the case has already been transferred to another district.[1]

On April 29, 2019, after full briefing and oral argument, the Court issued an order granting Defendants' motion to transfer this case to the SDNY pursuant to 28 U.S.C. § 1404(a).  *See* ECF No. 34.  Initially, Plaintiff took no action in response to the issuance of this order.  On

---

[1] Similarly, Plaintiffs' motion for recusal and reassignment is frivolous on its face, but is, in any event, moot, since the case is no longer being heard in this District.  If not moot, it should be denied since Plaintiffs have not remotely met the well-established standards to justify recusal or disqualification of a judge – basing it solely on perceived negative remarks about Plaintiff Roy Moore by this Court.  Indeed, even "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile, to counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *See Liteky v. United States*, 510 U.S. 540, 555–56 (1994). *See also Strange v. Islamic Republic of Iran*, 46 F. Supp. 3d 78, 80–82 (D.D.C. 2014).

4818-7262-5303v.3 3940173-000105

May 13, 2019, a full fourteen days after the Court issued its order, the Court formally transferred the case to the SDNY and the Clerk of Court filed a record of the extraction and transfer on the docket in this case. *See* ECF No. 35. Only then, *after* the transfer had been effectuated, did Plaintiffs file the motion to reconsider.

Due to Plaintiffs' delay, however, this Court now lacks jurisdiction to hear Plaintiffs' motion. Under "binding circuit precedent," "it is settled that the 'physical transfer of the original papers in a case to a permissible transferee forum deprives the transferor circuit of jurisdiction to review the transfer.'" *Nat'l Wildlife Federation, Inc. v. U.S. Army Corp. of Engineers*, 314 F. Supp. 3d 126, 128, 130 (D.D.C. 2018) (quoting *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C. Cir. 1974)); *see also In re Asemani*, 455 F.3d 296, 299-300 (D.C. Cir. 2006); *In re Sosa*, 712 F.2d 1479, 1480 (D.C. Cir. 1983). Thus, a motion to reconsider a transfer order that is filed after the litigation is electronically transferred to a different court must be denied. *See id.* (denying motion to reconsider filed 13 days after transfer order where the files were electronically transferred 12 days after transfer order). Here, the files in this case were electronically transferred on May 13, 2019—more than a day before Plaintiffs filed their motion to reconsider. *See* ECF No. 35. For that reason alone, this Court lacks jurisdiction to hear Plaintiffs' motion, and it must be denied.

But even if this Court did have jurisdiction to hear Plaintiffs' motion for reconsideration, the motion is patently meritless. It is well settled that "'motions for reconsideration … cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier.'" *Klayman v. Judicial Watch, Inc.*, 296 F. Supp. 3d 208, 213–14 (D.D.C. 2018) (quoting *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F .Supp. 2d 5, 10 & n.4 (D.D.C. 2011)). But that is

4818-7262-5303v.3 3940173-000105

all Plaintiffs seek to do here.  Plaintiffs do not identify any error in the Court's decision, let alone "clear error" that could justify reconsideration.  They simply "rehash arguments previously made and rejected."  *Arias v. DynCorp*, 856 F. Supp. 2d 46, 51–52 (D.D.C. 2012) (citation omitted).[2] For this additional reason, Plaintiffs' motion should be denied.

DATED:  May 28, 2019

                                        Respectfully submitted,

                                        _____/s/ Lisa B. Zycherman_____

                                        Lisa B. Zycherman (D.C. Bar No. 495277)
                                        Eric J. Feder (*pro hac vice*)

                                        DAVIS WRIGHT TREMAINE LLP
                                        1919 Pennsylvania Avenue, N.W., Suite 800
                                        Washington, D.C.  20006-2401
                                        (202) 973-4200
                                        (202) 973-4499 (fax)
                                        lisazycherman@dwt.com
                                        ericfeder@dwt.com

                                        Elizabeth A. McNamara (*pro hac vice*)
                                        Rachel F. Strom (*pro hac vice*)

                                        DAVIS WRIGHT TREMAINE LLP
                                        1251 Avenue of the Americas, 21st Floor
                                        New York, New York  10020
                                        (212) 489-8230
                                        (212) 489-8340
                                        lizmcnamara@dwt.com
                                        rachelstrom@dwt.com

---

[2] Plaintiffs' arguments have no substantive merit in any event.  The Court correctly applied the Supreme Court's decision in *Atlantic Marine Construction Co. v. U.S. District Court*, which holds that "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases."  571 U.S. 49, 63 (2013).  Plaintiffs are correct that *Atlantic Marine* did not address Plaintiffs' fraud arguments, and this Court never held otherwise.  The Court correctly applied the settled law of this Circuit that fraudulent inducement allegations prevent enforcement of a forum selection clause <u>only</u> where the inclusion of that clause was itself induced by fraud, which Plaintiffs did not even attempt to show here.  *See, e.g., Marra v. Papandreou*, 59 F. Supp. 2d 65, 70-71 & n.3 (D.D.C. 1999) (citation omitted) (emphasis added), *aff'd*, 216 F.3d 1119 (D.C. Cir. 2000); *see also Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974) (squarely rejecting notion that "any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the [forum selection] clause is unenforceable").

Of Counsel:

Russell Smith, Esq.
Jeff Holmes, Esq.
SMITH DEHN LLP
2500 Broadway
Building F, Suite F-125
Santa Monica, California  90404
(310) 396-9045
rsmith@smithdehn.com
jholmes@smithdehn.com

*Attorneys for Defendants Sacha Noam Baron Cohen, Showtime Networks Inc., and CBS Corporation*

4818-7262-5303v.3 3940173-000105

**CERTIFICATE OF SERVICE**

This is to certify that I have this 28th day of May, 2019, electronically filed the foregoing

Motion to Correct Prior Filings and Proposed Order using the CM/ECF system and served upon

counsel of record by electronic filing.

/s/ Lisa B. Zycherman
Lisa B. Zycherman
