ROY STEWART MOORE and KAYLA
MOORE,

               Plaintiffs,

      v.

SASHA NOAM BARON COHEN,
SHOWTIME NETWORKS, INC., AND CBS
CORPORATION,

               Defendants.

Civil Action No. 1:18-cv-02082

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT'S ORDER OF APRIL 29, 2019 AND MOTION TO RECUSE OR DISQUALIFY AND RANDOM REASSIGNMENT TO ANOTHER JURIST OF THIS COURT**

Plaintiffs Chief Justice Roy Moore ("Judge Moore") and Kayla Moore ("Mrs. Moore"), (hereinafter referred to as "Plaintiffs"), hereby respectfully submit this reply to Defendants' opposition to Plaintiffs' motion for reconsideration and motion to recuse or disqualify and hereby submit as follows:

Defendants' opposition fails for five (5) independent and compelling reasons: (1) Plaintiffs' filed their motion for reconsideration timely pursuant to Federal Rule of Civil Procedure 60(b) which vitiates Defendants' contrived argument that this Court lacks jurisdiction to rule on the motion; (2) at the time Plaintiffs filed their motion for reconsideration, the U.S. District Court for the Southern District of New York had not yet received the papers and because the "physical transfer of the original papers" had not yet occurred, *see Nat'l Wildlife Federation, Inc. v. U.S. Army Corp of Engineers*, 314 F. Supp. 126, 128, 130 (D.D.C. 2018), Plaintiffs filed the motion for reconsideration timely and this Court maintains jurisdiction; (3) Defendants misconstrue the holdings of the cases they cite in support of their erroneous position; (4) Defendants' argument opposing Plaintiffs' request for recusal or disqualification is not based in

law or fact; and (5) the merits of the case warrant this Court to grant reconsideration on the basis that it committed clear error because of the exceptional circumstances based upon the five (5) different frauds committed by Defendants. If five (5) different and compounded frauds do not constitute exceptional circumstances, then what on heaven and earth does?

First, a motion for reconsideration such as Plaintiffs' is typically construed as a Rule 60(b) motion for relief from judgment. Additionally, Federal Rule of Civil Procedure 54(b) is available to Plaintiffs "as justice requires." *Prince George's Hosp. Ctr v. Advantage Healthplan, Inc.*, 985 F. Supp. 2d 38, 42 (D.D.C. 2013). Generally, a court will grant a motion for reconsideration when the movant demonstrates "a clear error" in the order. *Id*. (quoting *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008)). As discussed below, the Court's order transferring the case to the U.S. District Court for the Southern District of New York was in clear error. Moreover, the timeframe to file such motions under Rule 60(b) is non-definitive. The rule states only that it must be made "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Clearly, here Plaintiffs filed the motion within a reasonable time, only fifteen (15) days after the order granting Defendants' motion to transfer and before the other district court received the final papers.

Second, and importantly, the U.S. District Court did not receive the case file from this Court until May 29, 2019, almost two (2) weeks *after* Plaintiffs filed their motion for reconsideration. Before that, the "transferred" case had no case number and in fact had not been received yet by the new court. A motion to reconsider a transfer order clearly must be adjudicated before the transfer could take effect and Plaintiffs submit that it only took effect when it was docketed in the Southern District.

Third, Defendants' case citation to *Nat'l Wildlife Federation, Inc.*, 314 F. Supp. 126 makes Plaintiffs' point and is distinguishable for two (2) fundamental reasons. **First**, a review of that case's docket in the U.S. District Court for the Northern District of Georgia demonstrates that after the judge issued the order to transfer on March 29, 2018, the case was transferred on April 10, 2018 *and was given a case number*. On that same day, the docket reflects that the U.S. District Court for Northern District of Georgia *received* the paper copies. Specifically, the docket states "original file certified copy of transfer order and docket sheet *received*." 1:18-cv-01530-TWT (N.D. Ga. 2018) (emphasis added). Plaintiffs' case, on the contrary, was not provided a case number and the U.S. District Court for the Southern District of New York did not confirm receipt of the papers until *after* Plaintiffs filed their motion.

**Second**, Defendants conveniently neglected to provide Plaintiffs or this Court the proper holding of *Nat'l Wildlife*, similar to the way they failed to analyze *Atlantic Marine Construction v, U.S. District Court*, 571 U.S. 49, 63 (2013) properly. The rule that Defendants rely on allegedly precluding this case to be heard in this jurisdiction does not apply "where there is a substantial issue whether the district court had 'power to order the transfer," *In re Briscoe*, 976 F.2d 1425, 1427 (D.C. Cir. 1992) – which may be the case, for example, where "the transfer is to a forum that is not permitted under Section 1404(a) . . ." *Nat'l Wildlife Federation, Inc.*, 314 F. Supp. at 128. Here, as discussed more thoroughly below, Plaintiffs convincingly argued that the Court did not have the power to transfer the case because the contract that Judge Moore signed, which contained the forum selection clause provision, was based on five (5) compounded frauds – all fraudulent on their face. The Court thus obviously lacked authority to transfer on a clause based on such aggravated fraud and outright dishonesty and deceit.

Indeed, it is crucial that after Plaintiff modified the contract to exclude sexually related matters, which Defendants signed and readily agreed to with fraudulent intent, that Defendants then intentionally violated this agreement. Thus, this major fraud directly concerns the contract itself, which is thus void ab initio – meaning from its inception. No other interpretation can be made.

Fourth, Defendants failed to address Plaintiffs' well-crafted, founded-in-law request for recusal or disqualification. An impartial judiciary is a fundamental component of the system of justice in the United States. The right to a "neutral and detached judge" in any proceeding is protected by the U.S. Constitution and is an integral part of maintaining the public's confidence in the judicial system. *Ward v. City of Monroeville*, 409 U.S. 57, 61-62 (1972); *see also Marshall v. Jerrico, Inc.*, 446 U.S. 238, 243 (1980) (The U.S. Constitution guarantees a party an impartial and disinterested tribunal in civil cases). To ensure that this right is protected, Congress has sought to secure the impartiality of judges by requiring them to step aside, or in some circumstances, disqualify themselves, in various circumstances.

Under 28 U.S.C. § 455, a judge " . . . shall disqualify himself in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In order to preserve the integrity of the judiciary, and to ensure that justice is carried out in each individual case, judges must adhere to high standards of conduct. *York v. United States*, 785 A.2d 651, 655 (D.C. 2001). "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned . . ." ABA Code of Judicial Conduct Canon 3(C)(1); *see also Scott v. United States*, 559 A.2d 745, 750 (D.C. 1989) (en banc). Disqualification or recusal is required when there is even the appearance that the court's impartiality may be called into question, and "could suggest, or an outside observer, such a 'high degree of favoritism or antagonism to

defendants' position that 'fair judgment is impossible.'" *Liteky v. United States*, 510 U.S. 540, 555 (1994)); *see also Jackson v. Microsoft Corp.*, 135 F. Supp. 2d 38, 40 (D.D.C. 2001) (recusal was proper because the judge "[h]ad created an appearance of personal bias or prejudice.").

Indeed, the "very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001). As such, "violations of the Code of Conduct may give rise to a violation of § 455(a) if doubt is cast on the integrity of the judicial process." *Id*.

Here, right off the bat, the honorable Judge Hogan's impartiality could reasonably be questioned when the very first thing that he said on the bench was ". . . Former Chief Judge Moore is no longer Chief Judge. He's now a civilian I take it . . ." in response to Plaintiffs' counsel's polite introduction of his clients to the Court. Transcript at p. 2:14-15. Exhibit 1. By immediately putting Judge Moore down – a highly offensive comment that is totally uncharacteristic of the respect active and retired judges routinely pay to each other – and in effect disparaging and disrespecting him on the court record with hostile, leftist, "fake news" media present in the courtroom – and by feeling the need to "put him in his place" at a minimum, casts doubt on and undermines the integrity of the judicial process. It would appear that Judge Hogan did this intentionally to humiliate Judge Moore.

Additionally, the four (4) month delay on such a simple, preliminary manner is another indication of the extrajudicial bias and prejudice – since Plaintiff, waiting patiently for a decision after about twelve (12) weeks of undue delay – finally felt compelled to ask for a status conference. Even then oral argument was not scheduled and held for another several weeks.

Moreover, to add insult to injury, it was abundantly clear that the Court had written the decision before any oral argument occurred, as after both arguments he simply read from an

obviously pre-prepared and pre-judged ruling. It appeared that the Judge wanted oral argument only to humiliate Judge Moore in public, as he had already made up his mind and no oral argument by Plaintiffs or Defendants could change it.

And finally, *Atlantic Marine* never reached the issue of whether the underlying subcontract contained a forum selection clause, along with the contract itself, that was procured by fraudulent inducement and fraud. This U.S. Supreme Court case is simply not on point. The word "fraud" or "inducement" is not even mentioned once in the opinion and the other cases Defendants cite do not take into consideration the exceptional circumstances of this case. This truly is a case of first impression and relying on case law that that is entirely distinguishable is in clear error.

Importantly, the various frauds committed by Defendants make this case more than exceptional. The first fraud was committed when Defendants invited Judge Moore and his wife to fly to Washington, D.C. to purportedly receive an award from the government of Israel for his strong support. Next, Defendants fraudulently induced Judge Moore into signing a bogus release, pretending to be Yerushalayim TV – which does not actually exist – and not Showtime or CBS. Then, the third fraud committed was when Defendant Cohen disguised himself as Erran Morad, an Israeli Mossad agent, in an attempt to keep Judge Moore from seeing through Defendants' other frauds. Fourth, Judge Moore physically crossed out any sexual context reference to which Defendants agreed and signed. And, of course, the fifth fraud committed was when Defendants waived their wand over Judge Moore and published to the world that he is a pedophile. What can be worse than being publicly and falsely branded a pedophile? Each of these five (5) instances of fraud upon fraud – all incorporated into the equally fraudulently so-called release including its inoperative forum selection clause, is exceptional. In short, all five (5) of these compounded

frauds taken together clearly make the facts of this case exceptional, much less the fraud committed when the parties signed a release that excluded any discussion of sexual content. Again, if this does not amount to exceptional circumstances, then what on heaven and earth does?

For the foregoing reasons, Plaintiffs' motion for reconsideration and to recuse or disqualify should be granted. Plaintiffs respectfully request that this Court read *Atlantic Marine*, 571 U.S. 49 and make a determination based on the applicable legal standards and the law as outlined by the U.S. Supreme Court. Otherwise, Plaintiffs respectfully request that the Court recuse itself and in so doing vacate the transfer order because of an apparent bias and prejudice towards Plaintiffs manifested in a courtroom packed with not just Judge Moore's wife and local Alabama counsel, but also leftist "fake news" reporters who were forced to witness and then gleefully publish articles about this shocking, uncalled for, blatant and unprecedented disrespect for a fellow jurist.

**Dated**:  June 3, 2019                                        Respectfully Submitted,


 /s/ *Larry Klayman*
Larry Klayman, Esq.
KLAYMAN LAW GROUP, P.A.
2020 Pennsylvania Ave. NW # 800
Washington, D.C. 20006
(310) 595-0800
 Email: leklayman@gmail.com

*Plaintiff Pro Se*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served through the Court's ECF system to all counsel of record or parties on June 3, 2019.

/s/ Larry Klayman

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


ROY STEWART MOORE, ET AL,          :
                                   :
            Plaintiffs,            :        Docket No. CA 18-2082
                                   :
        vs.                        :          Washington, D.C.
                                   :        Monday, April 29, 2019
SACHA NOAM BARON COHEN, ET AL      :            10:00 a.m
                                   :
            Defendants.            :
--------------------------------x


                TRANSCRIPT OF MOTION HEARING
            BEFORE THE HONORABLE THOMAS F. HOGAN
             UNITED STATES DISTRICT SENIOR JUDGE


APPEARANCES:

For the Plaintiffs:     LARRY KLAYMAN, Esquire
                        Klayman Law Group, P.A.
                        2020 Pennsylvania Ave., NW
                        Suite 800
                        Washington, DC  20006

For the Defendants:     ELIZABETH A. MCNAMARA, Esquire
                        Davis Wright Tremaine LLP
                        1251 Avenue of the Americas
                        21st Floor
                        New York, New York  10020-1104

                        ERIC J. FEDER, Esquire
                        LISA ZYCHERMAN, Esquire
                        Davis Wright Tremaine LLP
                        1919 Pennsylvania Avenue, NW
                        Suite 800
                        Washington, DC  20006-3401

Court Reporter:         CRYSTAL M. PILGRIM, RPR
                        Official Court Reporter
                        United States District Court
                        District of Columbia
                        333 Constitution Avenue, NW
                        Washington, DC  20001

1                    P-R-O-C-E-E-D-I-N-G-S

2          THE DEPUTY CLERK:  Your Honor, this is civil action

3    18-2082, Roy Stewart Moore, et al versus Sacha Noam Baron

4    Cohen, et al.

5        Will counsel please approach the lectern and state your

6    appearances for the record and introduce any parties at your

7    table.

8          MR. KLAYMAN:  Good morning, Your Honor, Larry

9    Klayman.  I'm here on behalf of Chief Justice Roy Moore,

10   plaintiff, his wife Kayla Moore, plaintiff.

11       Sitting here is Melissa Issak.  She's local counsel from

12   Montgomery, Alabama I wanted to get your permission to sit with

13   us.

14          THE COURT:  Thank you.  Former Chief Judge Moore is

15   no longer Chief Judge.  He's now a civilian I take it.

16          MR. KLAYMAN:  Correct.

17          THE COURT:  All right, thank you.

18          MS. MCNAMARA:  Good morning, Your Honor, Elizabeth

19   McNamara with Davis Wright Tremaine on behalf of all of the

20   defendants.  I'm here with my colleagues Eric Feder and Lisa

21   Zycherman.

22          THE COURT:  All right, thank you.

23       We're here today for motions that have been filed by the

24   various defendants to transfer the case under 28 U.S.C. 1404

25   (A).  As well as a motion for plaintiff to file, a leave to