## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROY STEWART MOORE, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SASHA NOAM BARON COHEN, *et al.*,**<br><br>**Defendants.** | **Civil Action No. 18-2082 (TFH)** |

## <u>MEMORANDUM OPINION</u>

Pending before the Court is Plaintiffs' Motion for Reconsideration of Court's Order of April 29, 2019 and Motion to Recuse or Disqualify and Random Reassignment to Another Jurist of This Court [ECF No. 36] (hereinafter the "motion for reconsideration"). The motion requests that the Court (1) vacate its April 29, 2019 order granting the defendants' motion to transfer this case to the United States District Court for the Southern District of New York, (2) recuse itself, and (3) submit this case for reassignment to another judge. Pls.' Mot. at 3.

The plaintiffs contend that this relief is warranted on several grounds. First, the plaintiffs take issue with the fact that the Court found the defendants' arguments in favor of transfer more compelling than the plaintiffs' arguments and they allege that this occurred because defense counsel "misle[d]" the Court into "fail[ing] to fully comprehend controlling Supreme Court precedent." Pls.' Mot. at 1. The plaintiffs also assert that the Court "appeared" to "disrespect and disparage" plaintiff Roy Stewart Moore during the April 29, 2019 hearing by clarifying whether Moore continued to serve on the Alabama Supreme Court when counsel introduced

Moore to the Court as the "Chief Justice." Pls.' Mot. at 2.[1]  The plaintiffs further argue that the

Court demonstrated "bias" by ruling against them at the conclusion of that hearing. Pls.' Mot. at

2. The plaintiffs grouse that the Court "prejudged" the plaintiffs' arguments before the hearing,

Pls.' Mot. at 2, and, according to them, "add[ed] insult to injury" by allegedly "read[ing] from an

obviously pre-prepared and pre-judged ruling,"[2] Pls.' Reply Br. at 5–6.

Although the Court has serious doubts about the merits of each of the plaintiffs'

arguments, it must forego addressing their shortcomings because it lacks jurisdiction to consider

the motion for reconsideration. For that reason, the plaintiffs' motion will be denied.

## ANALYSIS

It has long been the rule that—absent certain exceptions that do not apply here—a court's

jurisdiction ends when it "physically transfers" a case to another permissible forum under 28

U.S.C. § 1404(a). *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C. Cir. 1974) (en banc). "The idea

apparently is that sending the case file to another court—the 'physical transfer'—leaves the

transferor court with nothing to act upon." *In re Briscoe*, 976 F.2d 1425, 1426 (D.C. Cir. 1992)

(per curiam). Accordingly, if the Court physically transferred this case before the plaintiffs filed

---

[1]  The transcript of the hearing speaks for itself on this point and, notably, plaintiffs' counsel confirmed the factual accuracy of the Court's comment that Moore was no longer the Chief Justice. *See* Draft Hr'g Tr. 2:1–2:9, Apr. 29, 2019 (responding "correct" when the Court commented that "Former Chief Judge Moore is no longer Chief Judge . . . [h]e's now a civilian I take it"). By admitting that the comment was factually accurate, the plaintiffs call into question the credibility of their reliance on histrionics to describe the comment as "highly offensive" and reflecting "the need to 'put [Moore] in his place.'" Pls.' Reply Br. at 5 [ECF No. 38].

[2]  It is well established "that due process does not include the right to oral argument on a motion." *Spark v. Catholic Univ. of Am.*, 510 F.2d 1277, 1280 (D.C. Cir. 1975). The Court therefore could have ruled on the motion to transfer based solely on the record in the case, which included the legal briefs the parties filed that previewed all of their legal arguments. And the plaintiffs cite no authority for the proposition that, once a court elects to entertain oral arguments, it is precluded from preparing notes in advance in anticipation of issuing a bench ruling at the conclusion of the hearing.

their motion for reconsideration, the Court lacks jurisdiction to consider the motion. That is exactly what happened here.

As already indicated, the Court issued an order on April 29, 2019 granting the defendants' motion to transfer this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) after considering the parties' legal briefs, oral arguments, and the entire record in this case. *See* Order Granting Mot. to Transfer Apr. 29, 2019 [ECF No. 34]. At that point, the plaintiffs were on notice that the Court was going to transfer the case. Moreover, in light of the nearly half-century-old controlling decision in *Starnes*, the plaintiffs' counsel was aware that there would be a period of delay during which the plaintiffs could appeal the transfer order to the United States Court of Appeals for the District of Columbia Circuit (the "D.C. Circuit"). *See Starnes*, 512 F.2d at 935 (mandating that "physical transfer be delayed for a period of time after entry of the transfer order, during which time review may be sought in the transferor circuit"). Fourteen days passed, however, while the plaintiffs did nothing. They made no attempt to invoke this Court's jurisdiction or the D.C. Circuit's jurisdiction to challenge the transfer order before jurisdiction was lost.

The Court's jurisdiction over this case ended on May 13, 2019, when it physically transferred the case file by sending it via extraction to the United States District Court for the Southern District of New York. *See* Case Extraction Doc. (May 13, 2019) [ECF No. 35]; *In re Briscoe*, 976 F.2d at 1426 (making clear that "physical transfer" occurs when the transferor court "sends" the case file to another court). The plaintiffs delayed filing their motion for reconsideration until May 14, 2019—one day after the Court's jurisdiction ended. As a result, the plaintiffs' own delinquency caused their motion to be filed too late for the Court to exercise jurisdiction over it. *See Starnes*, 512 F.2d at 924.

**CONCLUSION**

For all these reasons, Plaintiffs' Motion for Reconsideration of Court's Order of April 29, 2019 and Motion to Recuse or Disqualify and Random Reassignment to Another Jurist of This Court [ECF No. 36] will be denied.  An order consistent with this Memorandum Opinion will be filed contemporaneously.

June 5, 2019

Thomas F. Hogan
SENIOR UNITED STATES DISTRICT JUDGE